UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONRAD CESAR NEVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>HON. MICHAEL DEAN,<br><br>Defendant. | Case No. 1:23-cv-00071-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Conrad Cesar Nevarez's

Complaint as a result of Plaintiff's status as an inmate and in forma pauperis

request.[1] The Court now reviews the Complaint to determine whether it or any of

the claims contained therein should be summarily dismissed under 28 U.S.C.

---

[1] Plaintiff has since filed a document entitled, "Notice of Amended Complaint and Motion for Fed. R. Civ. P. Rule 60 …." *See* Dkt. 7. However, this document is not an amended complaint but, instead, (1) seeks to add several documents to the record and (2) asks the Court to "reopen" Plaintiff's state court cases. *Id.* at 2. However, under the *Rooker-Feldman* doctrine, this Court lacks the authority to reopen Plaintiff's state case. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine recognizes that "federal district courts lack jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). This jurisdictional bar applies to direct appeals from state court judgments, de facto appeals from state court judgments, and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *see also Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005). Because Plaintiff's request is a de facto appeal from the dismissal of his state court cases, the Motion will be denied.

Plaintiff's later-filed "Amended Notice of Complaint" (Dkt. 9), which seeks to add exhibits, violates General Order 342(A)(1)(b) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

§§ 1915 and 1915A. Having reviewed the record, and otherwise being fully

informed, the Court enters the following Order dismissing this case with prejudice.

## 1.     Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern

pleading standards, Rule 8 requires a complaint to "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility"

standard is met when a complaint contains "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are

not required, but a plaintiff must offer "more than ... unadorned, the-defendant-

unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if

there is an "obvious alternative explanation" that would not result in liability, the

complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678,

682 (internal quotation marks omitted). Bare allegations that amount to a mere

restatement of the elements of a cause of action, without adequate factual support,

are not enough.

The Prison Litigation Reform Act ("PLRA")[2] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on*

---

[2] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

*other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

(stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA,

giving courts power to dismiss deficient claims, sua sponte, before or after

opportunity to amend). Moreover, even if a complaint meets the pleading

requirements, dismissal under §§ 1915 and 1915A is still appropriate if an

affirmative defense is an "obvious bar to securing relief on the face of the

complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056

(9th Cir. 2016) (internal quotation marks omitted).

## 2.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction.

Plaintiff complains that, in October 2022, Ada County Magistrate Judge Michael

Dean dismissed Plaintiff's state court lawsuit against the IDOC. *Compl*., Dkt. 1, at

1–2. Plaintiff alleges that Judge Dean "engaged in corrupt practices" and did not

afford Plaintiff "adequate response time." *Id*.

Plaintiff brings claims under 42 U.S.C. § 1983, the federal civil rights

statute, as well as claims under Idaho state law. *Id*. at 1.

## 3.    Discussion

The only named Defendant is Judge Dean. However, judges have long been

afforded absolute immunity from damage actions arising out of judicial acts taken

within the jurisdiction of their courts. *See Wyatt v. Cole*, 504 U.S. 158

(1992); *Bradley v. Fisher*, 80 U.S. 335 (1871). It has long been understood that 42 U.S.C. § 1983 was not intended to abolish the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley*, 80 U.S. at 347). Stated another way, judges have absolute immunity from suit for damages arising from their judicial acts unless they acted in a complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Indeed, judicial immunity is not lost even if the judge conspired with a prosecutor "to predetermine the outcome of a judicial proceeding." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge is not immune from liability for performing an act that is not "judicial" in nature. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). For example, a judge who leaves the bench and uses physical force to evict a person from the

courtroom is engaged in a nonjudicial act and, thus, is not immune from liability. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). But a judge who orders officers to forcibly seize a person *is* immune, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). The scope of a judge's jurisdiction "must be construed broadly…. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his [or her] authority." *Id*. The question of whether a judge acted in the clear absence of jurisdiction is distinct from the question of whether a judge acted in excess of authority. Even if a judge exceeds his or her authority in issuing a ruling, that judge is immune so long as the case is properly before the court. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction (no immunity) and acting in excess of authority (immunity) is made clear in the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear *absence* of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of

> a nonexistent crime, he would merely be acting in *excess*
> of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n.7 (emphasis added).

Plaintiff alleges that Judge Dean improperly dismissed a civil action. Dismissing a case is indisputably judicial in nature, and Plaintiff does not allege that Judge Dean acted in a complete absence of jurisdiction. Plaintiff merely disagrees with the judge's rulings. Such disagreements, however, do not remove the shield of absolute immunity afforded to judges.

A judge who hands down rulings that one party disagrees with—precisely the allegation here—is not acting in the absence of authority. As the Court has noted elsewhere: "The bottom line is this: adverse or unfavorabl[e] rulings do not give rise to claims of judicial misconduct." *Quinn v. Kibodeaux*, 2020 WL 6701457, at *2 (D. Idaho Nov. 13, 2020), *aff'd*, 837 F. App'x 500 (9th Cir. 2021). Such rulings simply "are not subject to review by this Court." *Id*.

Because Defendant is entitled to absolute judicial immunity, the Complaint fails to state a plausible claim for relief under federal or state law.

## 4.    Opportunity to Amend

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained

the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment
> of pleadings, a court must be guided by the underlying
> purpose of Rule 15—to facilitate decision on the merits
> rather than on the pleadings or technicalities. This court
> has noted on several occasions that the Supreme Court
> has instructed the lower federal courts to heed carefully
> the command of Rule 15(a) ... by freely granting leave to
> amend when justice so requires. Thus Rule 15's policy of
> favoring amendments to pleadings should be applied with
> extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations,

quotation marks, and alterations omitted). "In the absence of any apparent or

declared reason—such as undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.," it is appropriate for a court to grant leave

to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se

plaintiffs, who generally lack legal training. Courts must liberally construe civil

rights actions filed by pro se litigants so as not to close the courthouse doors to

those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant

bringing a civil rights suit must have an opportunity to amend the complaint to

overcome deficiencies unless it is clear that those deficiencies cannot be overcome

by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because it is clear from the face of the Complaint that the only named Defendant is immune from suit. Therefore, the Court will dismiss the Complaint without leave to amend.

## ORDER

**IT IS HEREBY ORDERED:**

1.   Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b)(1).

2.   Plaintiff's "Motion for Fed. R. Civ. P. Rule 60" (Dkt. 7) is DENIED.

3.   Plaintiff's Motion for Summary Judgment (Dkt. 10) is DENIED.

DATED: June 26, 2023

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9